UNITED STATES *v.* CROMPTON & SON (No. 1519).[1]

"WASTE" IN PARAGRAPH 408, TARIFF ACT OF 1913.

> Waste under this paragraph must be a waste of bagging, gunny cloth, or similar woven fabric. The waste here is the short broken warp ends of the jute thread used in the manufacture of burlap cloth, and is in fact a thread waste. It falls under the provisions of paragraph 384, tariff act of 1913, as waste not specially provided for.

United States Court of Customs Appeals, May 18, 1915.

APPEAL from Board of United States General Appraisers, G. A. 7652 (T. D. 35015).

[Reversed.]

*Bert Hanson,* Assistant Attorney General (*Harry M. Farrell,* special attorney, on the brief), for the United States.
*Comstock & Washburn* for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

This importation is described in the answer to protest as follows:

> The merchandise in question consisted of jute thread waste composed of short waste ends of new unused jute thread, * * *. The merchandise is principally used for making over carpet yarns and is not used for paper stock. Its character is as above described, and it is to be distinguished from the "jute waste" * * * which consists of a fine loose mill waste composed of short loose jute fibers, known as "fly waste." It is entirely different from waste composed of old gunny cloth and bags.

It was assessed for duty by the collector of the port at Philadelphia as a waste not specially provided for under the provisions of paragraph 384 of the tariff act of 1913. Several claims are asserted by the protestant. It is thus claimed that the merchandise is entitled to free entry as a jute waste not specially provided for under the provisions of paragraph 408 of the said act; or as a jute waste not specially provided for under the provisions of paragraph 566 of the said act; or as all other wastes not specially provided for in this

---

[1] Reported in T. D. 35442 (28 Treas. Dec., 866).

section under the provisions of paragraph 651 of the said act.   The words of these and other paragraphs in so far as applicable may be quoted as follows:

267. Single yarns made of jute, not finer than five lea or number, 15 per centum ad valorem; if finer than five lea or number and yarns made of jute not otherwise specially provided for in this section, 20 per centum ad valorem.

408. Bagging for cotton, gunny cloth, and similar fabrics,  * * *  made of jute, jute butts,  * * *  mill waste,  * * *  plain woven fabrics of single jute yarns by whatever name known,  * * *  and waste of any of the above articles *suitable for the manufacture of paper.*

566. Paper stock, crude, of every description, including all grasses, fibers, rags, waste, including jute, hemp, and flax waste, shavings, clippings, old paper, rope ends, waste rope, and waste bagging, and all other waste not specially provided for in this section, including old gunny cloth and old gunny bags, *used chiefly for paper making.*

651. Wool wastes: All noils, top waste, card waste, slubbing waste, roving waste, ring waste, yarn waste, bur waste, thread waste, garnetted waste, shoddies, mungo, flocks, wool extract, carbonized wool, carbonized noils, and all other wastes not specially provided for in this section.   This paragraph shall be effective on and after the first day of December, nineteen hundred and thirteen, until which time the rates of duty now provided by Schedule K of the existing law shall remain in full force and effect.

The Board of General Appraisers sustained the protest under the provisions of paragraph 408.   The Government appeals.

In disputation of the facts as found and returned by the collector, at the hearing before the Board of General Appraisers two witnesses were called and testified in behalf of the importers.   One was a member of the importing firm, who stated that the material was a "mill waste"; that "we chiefly sell it to blanket men and carpet yarn men"; that "we have sold similar stock to paper men"; that it is produced from jute mills entirely; that it is the warp ends that drop off in making jute fabrics; and that there is a jute waste that comes from old gunny bagging.   The other witness, duly qualified, testified that this merchandise was the offals of threads broken and thrown down when bagging was being made; that "we term it as jute waste thread"; and that he had sold it for paper making.

The board found as facts in the case that the merchandise was not chiefly used for the making of paper, but that it was "actually, practically, and commercially so fit."

Paragraph 651, by the language thereof, is confined to wool wastes, and therefore is in no sense applicable or inclusive of jute waste. Crimmins & Pierce v. United States (6 Ct. Cust. Appls., 137; T. D. 35392).

The finding of the Board of General Appraisers, which was amply supported by the testimony of the member of the importing firm, who testified that the merchandise was not chiefly used for paper making, excludes it from the provisions of paragraph 566, which applies only to jute waste used chiefly for making paper.

The sole remaining question is whether or not it falls within the provisions of paragraph 408. The board found, and the finding is amply supported by the testimony, that it was suitable for the manufacture of paper. The question, then, is, Is it a waste of any of the articles enumerated in paragraph 408? That paragraph applies to bagging for cotton, gunny cloth, and similar fabrics, and plain woven fabrics of single jute yarns. To be a waste, therefore, within the provisions of that paragraph, it must be a waste of bagging, gunny cloth, or similar woven fabric. This waste is the short broken warp ends of the jute thread used in the manufacture of burlap cloth. It is the ends that drop off during the process of weaving such cloth. They are termed "mill waste" or "thread waste" and are, in fact, a thread waste. It is clearly shown by the record that they are again after manipulation used in the manufacture of blankets and carpets. Indeed, paragraph 408 itself speaks of bagging for cotton, gunny cloth, and similar fabrics made of mill waste.

Jute yarns and threads by paragraph 267, *supra*, are dutiable. This merchandise, consisting of the short warp ends of such new yarns thrown off during the process of weaving and again used after manipulation for the purposes of weaving blankets and carpets, does not appear to us to be a waste of the completed fabrics enumerated in paragraph 408. It is rather a thread waste or waste of the threads used in the making of such bagging for cotton, gunny cloth, and similar fabrics. Such merchandise being portions of the yarns rejected or thrown off during the course of the manufacture of these yarns into fabrics, of necessity before the fabric is completed and becomes such, can not be said to be a waste of the fabrics themselves, but is a waste of the materials entering into the manufacture of these fabrics. The waste "of these fabrics" is more likely the ends and surplusage of such fabrics cut off in the manufacture or adaption of them into bags, gunny sacks, or coverings for cotton bales or other uses.

It would seem consistent with the purpose of Congress that having made jute yarns dutiable under paragraph 267, this merchandise, which performs a similar office after being carded, by being woven into blankets and carpets, should also be dutiable, though at a less rate than those prescribed in paragraph 267. This construction makes all jute yarns and substitutes therefor dutiable. Accordingly we are of the opinion that the merchandise falls for dutiable purposes under the provisions of paragraph 384 as waste not specially provided for at 10 per cent ad valorem. The decision of the Board of General Appraisers is, and must be, *reversed*.